### 20424. BUNCH v. McLESKEY.

BROYLES, C. J. 1. The court did not err in overruling the defendant's demurrer to the plaintiff's petition for a rehearing of the judgment granting a new trial to the defendant, nor thereafter in vacating and setting aside the order granting the new trial.

2. Under all the facts of the case the fifth, sixth, and seventh grounds of the motion for a new trial, based upon the court's refusal of certain written requests to charge with reference to the duty of engineers operating locomotive engines to keep a constant and vigilant lookout ahead and to exercise due care in controlling the movements of the train, and making the failure to do so a misdemeanor, show no material error.

3. This court, under all the facts of the case, can not hold that the verdict for damages in the sum of $13,500 was excessive, or that it was not authorized by the evidence.

4. "Under the evidence in the case the court erred, as contended, in instructing the jury as follows: 'But I charge you further, that if a servant or employee, while engaged in the business of his master, makes a slight deviation for the ends of his own, the master remains liable when the act was so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless be regarded as within the course of his employment.' The question should have been submitted, in this connection, whether or not the deviation from the master's business was 'slight,' so slight as not to affect the master's responsibility for the negligent acts."

5. "The court erred, as contended, in instructing the jury as follows: 'In reducing a sum of money to its present cash value, it has to be done on the basis of some rate of per cent., some interest rate. What would be a fair rate is a matter for you to determine, considering the value of money, the purchasing power, the commercial conditions, the demand for money or the lack of demand for money, and say what you think would be a fair rate of per cent. to which it should be reduced. If you should fix on six or seven per cent., then you can use another table that has been introduced, called the annuity table; but if you decide on any other rate of per cent., this table would not be applicable and you could not use it. You are not obliged to use it if you take six or seven per cent. If you think it right, you can use it, and it may simplify your method of calculation. It has three sets of columns, one marked 'age,' the one next to it marked 6, and one '7 per cent.' The court should have instructed the jury that they should use seven per cent. as the rate in reducing the gross value of the life of the deceased to its present value."

6. Paragraphs 2, 4, and 5, above, include the rulings of the Supreme Court made in this case on October 15, 1931; and, under those rulings, the former decision of this court affirming the judgment of the trial court (42 *Ga. App.* 139) is ordered vacated, and the judgment of the trial court is now      *Reversed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 11, 1931.

*Slaton & Hopkins, Walter T. Colquitt, Sidney Smith,* for plaintiff in error.

*John B. Gamble, Branch & Howard,* contra.